**FILED**
**Apr 06, 2026**
**08:16 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | |
|---|---|
| **YONATHAN CARDENAS PORRAS,**<br>        **Employee**,<br>**v.**<br>**ADIENT U.S., LLC,**<br>        **Employer**,<br>**and**<br>**OLD REPUBLIC INS. CO.,**<br>        **Carrier**. | **Docket No. 2024-50-2817**<br><br>**State File No. 20978-2024**<br><br>**Judge Dale Tipps** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

In Adient's Motion for Summary Judgment, the central issue is whether Mr. Porras can present sufficient evidence of a causal connection between his employment and his injury, which is an essential element of his claim. For the reasons below, the Court holds he did not present the necessary evidence and Adient is entitled to summary judgment.

### Claim History

Mr. Porras claimed he suffered an injury to his hands a few days after beginning work for Adient in January 2024. He filed a Petition for Benefit Determination seeking medical treatment. After an Expedited Hearing, the Court denied his request, finding that he was unlikely to prove his symptoms were primarily caused by his work.

Adient then filed this motion for summary judgment. Mr. Porras filed no response and did not appear at the hearing on April 1, 2026.

Adient filed a brief statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03. Because Mr. Porras did not

1

respond, the facts alleged in Adient's statement are unrebutted. The Court summarizes these facts as follows:

1. Mr. Porras alleged an injury to his wrist or hand while working for Adient.
2. Adient furnished a panel of physicians, and Mr. Porras selected Dr. Martin Glynn, who diagnosed carpal tunnel syndrome of the right wrist.
3. In response to a medical questionnaire, Dr. Glynn wrote that Mr. Porras's injury was not more than 50% causally related to his work.

Adient contends summary judgment is appropriate because it negated an essential element of Mr. Porras's claim. Specifically, it argues he does not have expert proof to establish a causal connection between his employment and his alleged injury.

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2025).

As the moving party, Adient must either: (1) submit affirmative evidence that negates an essential element of Mr. Porras's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Adient meets this burden, Mr. Porras must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, 477 S.W.3d at 265.

The essential element at issue in this case comes from section 50-6-102(12)(C), which requires expert medical proof that the injury arose primarily out of and in the course and scope of employment, so that the employment contributed more than 50% in causing the injury.

Mr. Porras did not file a written response to the motion or respond to the statement of undisputed material facts as required by Rule 56. Therefore, the facts are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

2

Considering the merits of Adient's motion, Dr. Glynn's opinion negates an essential element of Mr. Porras's claim by failing to assign primary medical causation to his work. Further, Mr. Porras offered no other medical proof of causation or identified any facts in the record upon which the Court could find in his favor.

Thus, no genuine issue of material fact exists as to the question of causation, and the Court holds Adient is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Adient U.S., LLC's Motion for Summary Judgment is granted, and Mr. Porras's claim against it is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Adient US, LLC under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five business days.

4. Adient US, LLC shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED April 6, 2026.**

_____
**JUDGE DALE TIPPS**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on April 6, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Yonathan Cardenas Porras | X | X | ██████████████ ████████████████ ████████████ |
| Kendra A. Birtsch, Employer's Attorney | | X | Kendra.birtsch@petersonwhite.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**